**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL STEVE COX,
Appellant,
vs.
THE STATE OF NEVADA IN RELATION TO NDOC; SKOLNIK; G. COX; R. MILLER; DR. BANNISTER; T. JACOBS; GOVERNOR B. SANDOVAL; ATTORNEY GENERAL OFFICE; C.C. MASTO; C.R. WILLIS; ELY STATE PRISON; MCDANIEL; BROOKS; BAKER; DR. KOEHN; DR. MARTIN; DR. FAIRCHILD; LUCE; JONES; ACLU; A. FETTIG; AND DR. SHANSKY,
Respondents.

No. 63582

MICHAEL STEVE COX,
Appellant,
vs.
THE STATE OF NEVADA; NEVADA DEPARTMENT OF CORRECTIONS; ELY STATE PRISON; ATTORNEY GENERAL; LCC; ACLU; THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WHITE PINE; ELY SHERIFF; MCDANIEL; BAKER; BROOKS; LT. SALADCHEK; MULLINS; W. ANDERSON; JONES; DR. FAIRCHILD; DR. SENA; G. LUCE; DR. KOEHN; HOMAN; BARNETTE; LIGHTSEY; DOLZEL; DUFFY; HOBBS; WINDSOR; SHORT; LT. HOUSTON; CARPENTER; S. HOMAN; COX; DR. BANNISTER; JACOBS; PERALTA; REED; SUWE; MS. MAESTES; CATHERINE CORTEZ MASTO, ATTORNEY GENERAL; WILLIS; LESLIE; A. FETTIG; DR. SHANSKY; BELANGER; LEGRAND; WATTS; HENRIOD; JONES; HON. JUDGE PAPEZ; DOBRESCU; AND M. BONGARD,
Respondents.

No. 63583 ✓

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malne_
DEPUTY CLERK

14-30681

## ORDER OF AFFIRMANCE

These are unconsolidated proper person appeals challenging district court orders dismissing two separate complaints. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge and Gary Fairman, Judge.

These appeals arise from district court actions filed in the Seventh Judicial District Court by appellant Michael Steve Cox, an inmate. Cox had previously been declared a vexatious litigant by that court, and, thus, the court had imposed a series of requirements that he had to comply with before he could pursue a new civil action in that court. *See Jordan v. State ex rel. Dep't of Motor Vehicles & Public Safety*, 121 Nev. 40, 59, 110 P.3d 30, 41-42 (2005) (holding that a district court may impose court access restrictions on parties that are deemed to be vexatious litigants), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008). In both underlying cases, following the submission of his complaints, the district court reminded Cox that he was required to follow the vexatious litigant procedures and entered orders that gave him 30 days to do so.

While Cox did submit affidavits in support of his complaints, those affidavits did not provide all of the information required by the vexatious litigant order. Specifically, Cox's affidavits stated that his complaints were not frivolous and that he had not previously filed suit on those claims in the Seventh Judicial District Court, but the affidavits did not respond to other requirements set forth in the vexatious litigant order by identifying whether the claims had been raised in other courts, and if so, providing the case number and court, stating whether he had been deemed a vexatious litigant in any other jurisdictions, and stating

Supreme Court
OF
Nevada

(O) 1947A

2

whether he was under imminent danger of serious physical harm. Because Cox failed to comply with all of the requirements of the vexatious litigant order, his complaints were subsequently dismissed by the district court and these appeals followed.

In his proper person appeal statements for these cases, Cox largely restates the arguments from his underlying complaints and fails to address the vexatious litigant order, the propriety of the district court's order directing him to submit the information required by the vexatious litigant order, or his compliance with that order or the district court's directive. While Cox does argue, for the first time on appeal in the appeal statement pending in Docket No. 63583, that he is in danger of harm, that assertion was never presented to the district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that a point not urged in the district court is generally deemed to have been waived). Under these circumstances, we find no impropriety in the district court's dismissal of Cox's claims for failure to comply with the requirements set forth in the vexatious litigant order. *See Jordan*, 121 Nev. at 59, 110 P.3d at 41-42. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Steve L. Dobrescu, District Judge
Hon. Gary Fairman, District Judge
Michael Steve Cox
Attorney General/Carson City
White Pine County Clerk